UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WINDOW WORLD OF BATON ROUGE, LLC | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:19-cv-47 |
| COLONY INSURANCE COMPANY AND HALLMARK SPECIALTY INSURANCE COMPANY | § § § § § | |
| Defendants. | | |

**DEFENDANT COLONY INSURANCE COMPANY'S
NOTICE OF REMOVAL TO FEDERAL COURT**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, and Local Rule 81, Defendant Colony Insurance Company files this Notice of Removal and respectfully shows that removal is timely and diversity jurisdiction exists.

**1.    Removal is Timely**

On December 13, 2018, Plaintiff Window World of Baton Rouge, LLC filed its Original Petition, in the matter styled *Window World of Baton Rouge, LLC v. Colony Insurance Company and Hallmark Specialty Insurance Company,* No. 296-06567-2018, in the 296th Judicial District Court of Collin County, Texas. *See* Tab 4, pps. 12-19. The Petition was served upon Colony on December 22, 2018. *See* Tab 3, pps. 9-11**.** Service has not yet been made upon Defendant Hallmark Specialty Insurance Company as of the date of filing this Notice of Removal. Accordingly, removal is timely. *See* 28 U.S.C. 1446(b)(1).

**2.     Diversity of Citizenship**

Removal is proper under Sections 1446(a) and 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants. For purposes of diversity of citizenship, Window World is a business resident and citizen of Baton Rouge, Louisiana. Tab. 4, p. 13 ¶ 2. Colony is a citizen of the State of Virginia, being an insurance company formed pursuant to the laws of Virginia and having its principal place of business in Virginia. *See Hertz Corp. v. Friend,* 559 U.S. 77, 80 (2010). Plaintiff's Petition incorrectly indicates that Hallmark is a Texas citizen. To the contrary, Hallmark is a citizen of the State of Oklahoma, being an insurance company formed pursuant to the laws of Oklahoma and having its principal place of business in Oklahoma.

In any event, as Plaintiff is not a citizen of the same state as any Defendant, the parties are completely diverse within the meaning of Section 1332(a). As such, the removal of this Lawsuit is proper under Sections 1446(a) and 1332(a).

**3.     Venue is Proper**

Venue is proper in the United States District Court for the Eastern District of Texas, Sherman Division, under 28 U.S.C. Sections 124(b)(2) and 1446(a) because the Eastern District of Texas, Sherman Division encompasses Collin County, Texas and is "the district and division embracing the place where such action is pending."

**4.     Amount in Controversy**

Plaintiff's Petition does not include a specific damages amount which calculates the total alleged actual and punitive or treble damages Plaintiff seeks. However, a cursory review of Plaintiff's allegations and the insurance policy at issue demonstrates that the amount in controversy surpasses the jurisdictional threshold for this Court to exercise jurisdiction based on

diversity. Federal law provides that "[In] the event that the initial pleading does not control, §1446(c)(2)(B) provides that removal is proper where a sufficient amount in controversy is supported by a preponderance of the evidence." *Olga Gabriel v. Allstate Tex. Lloyds,* 2013 WL 12140286 at *3 (5th Cir. 2013). "[T]he test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional threshold]." *St. Paul Reinsurance Co., Ltd. V. Greenburg,* 134 F.3d 1250, 1254, n. 13 (5th Cir. 1998).

Plaintiff states that it is "entitled to recovery of $49,500, plus 18% interest per annum, plus reasonable attorneys' fees and costs." *See* Tab 4, p. 18 ¶ 47. In addition, pursuant to Texas Insurance Code Chapter 541, claims for breach of the duty of good faith allow for statutory penalties in the amount of three times the amount of actual damages. Plaintiff has specifically pleaded that it seeks an award for "Statutory Penalties and Interest" which, pursuant to the Texas Insurance Code, places the amount in controversy well beyond the $75,000 jurisdictional threshold. *See* Tab 4, p. 19. In addition, the policy limits for the insurance policy at issue comprise of $1,000,000.00 in coverage. Attached hereto as Exhibit A is a true and correct copy of the declaration page of the Policy.

As such, the amount in controversy far exceeds the $75,000 threshold required to invoke this Court's jurisdiction. 28 U.S.C. § 1332(A); *see Greenberg,* 134 F.3d at 1253 (noting the district court examines the complaint to determine whether it is facially apparent that the claim exceeds the jurisdictional minimum; also noting that a court may consider the governing policy limits in evaluating whether the amount in controversy requirement has been met to exercise diversity jurisdiction); *see also KVOS, Inc. v. Associated Press,* 299 U.S. 269, 277 (1936) (holding allegation in pleading is sufficient to establish amount in controversy).

5. **The Removal is Procedurally Correct**

Pursuant to 28 U.S.C. Section 1446(a) and Local Rule 81, Colony provides the following:

1. An index of matters being filed is attached hereto;

2. List of all parties in this case (including their party type and which parties have requested a jury trial); the current status of the removed case (including the name and address of the court from which the case was removed); and the name, bar number, address and telephone number of each party's attorneys as Tab 1;

3. Copy of the state court docket sheet as Tab 2;

4. There have been no orders signed by the state judge;

5. All executed process in this matter as Tab 3;

6. All pleadings asserting causes of action and all answers to such pleadings as Tab 4; and

7. Civil Cover Sheet.

Pursuant to 28 U.S.C. Section 1446(d), promptly after Colony files this Notice of Removal, written notice of the filing will be given to Plaintiff and Hallmark, and a true copy of this Notice of Removal will be filed with the Clerk of the 296th Judicial District Court of Collin County, Texas, the state court from which this action was removed.

**6.  Relief Requested**

This notice was filed timely. The amount in controversy exceeds $75,000. Complete diversity of citizenship exists as to Plaintiff and Defendants. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a). Accordingly, the action is properly removed pursuant to 28 U.S.C. Section 1441.

Defendant Colony Insurance Company respectfully requests that the United States District Court for the Eastern District of Texas, Sherman Division, file this Notice of Removal, assume jurisdiction of this lawsuit, and issue all such further orders and processes as may be necessary.

        Respectfully submitted,

        */s/ Stephen A. Melendi*
        Stephen A. Melendi
        State Bar No. 24041468
        stephenm@tbmmlaw.com
        Matt Rigney
        State Bar No. 24068636
        mattr@tbmmlaw.com
        Jibril Greene
        State Bar No. 24093774
        jibrilg@tbmmlaw.com

        TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
        2811 McKinney Avenue, Suite 250 West
        Dallas, Texas 75204
        (214) 665-0100 Telephone
        (214) 665-0199 Facsimile

        **ATTORNEYS FOR DEFENDANT COLONY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will electronically send notification to all counsel of record.

        */s/ Stephen A. Melendi*
        Stephen A. Melendi