## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| WINDOW WORLD OF BATON ROUGE, LLC<br><br>         Plaintiff,<br><br>v.<br><br>COLONY INSURANCE COMPANY AND HALLMARK SPECIALTY INSURANCE COMPANY<br><br>         Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. |

### APPENDIX

| Tab | Document | App. No. |
|---|---|---|
| 1. | List of all parties in this case (including their party type and which parties have requested a jury trial); the current status of the removed case (including the name and address of the court from which the case was removed); and the name, bar number, address and telephone number of each party's attorneys | 02 - 04 |
| 2. | Copy of the state court docket sheet | 05 - 07 |
| 3. | All executed process in this matter | 08 - 11 |
| 4. | All pleadings asserting causes of action and all answers to such pleadings | 12 - 21 |

# TAB 1

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **WINDOW WORLD OF BATON ROUGE, LLC** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Case No.** |
| **COLONY INSURANCE COMPANY AND HALLMARK SPECIALTY INSURANCE COMPANY** | § § § § | |
| **Defendants.** | § | |

### LIST OF PARTIES AND ATTORNEYS

Pursuant to Rule CV-81 of the Local Civil Rules of the United States District Court for the Eastern District of Texas, Defendant Colony Insurance Company ("Colony") submits the following information:

| Plaintiff | Window World of Baton Rouge, LLC |
|---|---|
| **Counsel for Plaintiff** | Gwen E. Bhella<br>State Bar No. 24046632<br>CALHOUN, BHELLA & SECHREST, LLP<br>325 N. Saint Paul Street, Suite 2300<br>Dallas, Texas 75201<br>(214) 981-9200 Telephone<br>(214) 981-9203 Facsimile<br>gbhella@cbsattorneys.com |
| **Defendants** | Colony Insurance Company<br>Hallmark Specialty Insurance Company |
| **Counsel for Defendant Colony Insurance Company** | Stephen A. Melendi<br>State Bar No. 24041468<br>Matthew Rigney<br>State Bar No. 24068636 |

| | |
|---|---|
| | Jibril Greene<br>State Bar No. 24093774<br>TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP<br>2811 McKinney Avenue, Suite 250 West<br>Dallas, TX 75204<br>(214) 665-0100 Telephone<br>(214) 665-0199 Facsimile<br>stephenm@tbmmlaw.com<br>mattr@tbmmlaw.com<br>jibrilg@tbmmlaw.com |
| **Status of Removed Case** | Pending before the 296th Judicial District Court of Collin County, Texas |
| **Court from Which Removed** | 296th District Court<br>Russell A. Steindam Courts Building<br>2100 Bloomdale Road, Suite 20012<br>McKinney, Texas 75071 |
| **Request for Jury Trial** | No party has submitted a jury demand at this time. |

APP. 004

# TAB 2



**COLLIN COUNTY**
collincountytx.gov

(http://www.collincountytx.gov)

Back to Case Search Results (/JudicialRecords/Case/Search?
searchType=Attorney&caseTypes=CR%2CCV%2CFAM%2CPR&nodes=7&page=1&searchCriteria=%7CMelendi%7C)

# Case Details

## Case History

**Case Number**
296-06567-2018

**Date Filed**
12/13/2018

**Case Type**
Consumer/Commercial/Debt

**Status**
Pending

**Style**
Window World of Baton Rouge, LLC vs. Colony Insurance Company and Hallmark Specialty Insurance Company

**Judicial Officer**
Roach, John R., Jr. in 296th District Court

## Parties

| Type | Name | DOB | Attorney | Address |
|------|------|-----|----------|---------|
| Defendant | Colony Insurance Company | | Stephen A Melendi | |
| Defendant | Hallmark Specialty Insurance Company | | Pro Se | |
| Plaintiff | Window World of Baton Rouge, LLC | | Gwen E. Bhella | |

## Case Events

| Date | Event | |
|------|-------|---|
| 12/13/2018 | Plaintiff's Original Petition (OCA) $298.00 | |
| 12/14/2018 | Request for Citation $8.00 | |
| 12/14/2018 | Citation | |
| 12/17/2018 | Request for Citation by Certified Mail $83.00 | |
| 12/17/2018 | Citation | |
| 12/26/2018 | Certified Green Card Returned | Details |
| 01/14/2019 | Original Answer | Details |

## Financial Summary

| Party Type | Charges | Payments | Balance |
|---|---|---|---|
| Plaintiff | $389.00 | $389.00 | $0.00 |

## Transactions

| Date | Amount | | |
|---|---|---|---|
| 12/14/2018 | $306.00 | | Details |
| 12/14/2018 | ($306.00) | | Details |
| 12/17/2018 | $83.00 | | Details |
| 12/17/2018 | ($83.00) | | Details |

Back to Case Search Results (/JudicialRecords/Case/Search?
searchType=Attorney&caseTypes=CR%2CCV%2CFAM%2CPR&nodes=7&page=1&searchCriteria=%7CMelendi%7C)

Copyright © 2019 Collin County Texas * All Rights Reserved * 972.548.4100 (McKinney) * 972.424.1460(Metro)

Privacy & Accessibility (http://www.collincountytx.gov/Pages/privacy.aspx)

# TAB 3

CITATION BY MAILING
THE STATE OF TEXAS
296-06567-2018

Window World of Baton Rouge, LLC vs. Colony
Insurance Company and Hallmark Specialty Insurance
Company

296th District Court

Of Collin County. Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney does not
file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration
of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Colony Insurance Company
By Serving Texas Department of Insurance
Colony Insurance Company
PO Box 460911
San Antonio TX 78246, Defendant

You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M.
on the Monday next after the expiration of twenty days after the date of service of this citation before the 296th District
Court of Collin County. Texas at the Courthouse of said County in McKinney, Texas.
Said Plaintiff's Petition was filed in said court, by Gwen E Bhella 325 N Saint Paul St Suite 2300 Dallas TX 75201
(Attorney for Plaintiff or Plaintiffs), on the 13th day of December, 2018.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 17th day of December, 2018.

ATTEST: Lynne Finley, District Clerk
Collin County. Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney. Texas 75071
972-548-4320, Metro 972-424-1460, ext. 4320

By: _Brittany Tucker_ . Deputy
Brittany Tucker

The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions
you have should be directed to an attorney.



BRITTANY TUCKER
COLLIN COUNTY DISTRICT CLERK
2100 BLOOMDALE RD STE 12132
MCKINNEY, TX 75071-8316



9214 8901 0661 5400 0131 8425 13

**RETURN RECEIPT (ELECTRONIC)**

296-06567-2018

COLONY INSURANCE
THROUGH THE TEXAS DEPARTMENT OF INSURANCE
PO BOX 460911
SAN ANTONIO, TX 78246

IMpbCertified8x5Label v1.2.9.0



CERTIFIED MAIL

7024 3000 9114 8009

neopost
12/18/2018
US POSTAGE $005.63
ZIP 78071
041M11225087 9

FIRST-CLASS MAIL

DEC 2 2

# TAB 4

Filed: 12/13/2018 4:42 PM
Lynne Finley
District Clerk
Collin County, Texas
By Erika Ruiz Deputy
Envelope ID: 29736431

CAUSE NO. 296-06567-2018

| | | |
|---|---|---|
| WINDOW WORLD OF BATON ROUGE, LLC | § <br> § <br> § <br> § <br> § | IN THE DISTRICT COURT |
| **Plaintiff;** | § <br> § | |
| **vs.** | § <br> § | _____ JUDICIAL DISTRICT |
| COLONY INSURANCE COMPANY AND HALLMARK SPECIALTY INSURANCE COMPANY. | § <br> § <br> § <br> § <br> § | |
| **Defendants.** | § | **COLLIN COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION

COMES NOW the Window World of Baton Rouge, LLC ("Window World") and files this Original Petition against Defendants Colony Insurance Company and Hallmark Specialty Insurance Company, and respectfully show as follows:

### I.
### PARTIES

1. Plaintiff Window World of Baton Rouge, LLC is a Louisiana limited liability company doing business in the State of Texas.

2. Defendant Colony Insurance Company ("Colony") is an entity incorporated under the laws of Virginia but doing business in the State of Texas. Colony Insurance may be served through the Texas Department of Insurance by certified mail to the following address: Colony Insurance Company, P.O. Box 460911, San Antonio, Texas 78246.

3. Defendant Hallmark Specialty Insurance Company ("Hallmark") is a surplus lines carrier organized under the State of Texas with its principal place of business in San Antonio, Texas. Hallmark may be served through its registered agent for service of process, Donald E. Meyer, 7550 W. IH-10, Suite 1400, San Antonio, Texas 78229.

4.      Venue is proper in Collin County, Texas under Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code because a substantial number of the events or conditions giving rise to the claims occurred here.

V.
FACTUAL BACKGROUND

5.      On or about June 28, 2017, Kevin and Amy Long signed a contract with Window World for the purchase of windows and window installation at 1011 Beechwood Drive, Murphy, Collin County, Texas 75094.

6.      Window World subcontracted the installation of the windows to Leticia Disatis by entering into a contract on August 3, 2017.

7.      Following installation, the Longs noticed issues relating to water intrusion around the windows, which ultimately resulted in water damage to drywall, structural damage to the wall, damage to hardwood flooring, and damage to the window trim and casings.

8.      Window World made an insurance claim with its insurer, Colony Insurance Company, for indemnity and defense relating to the Longs' claim.

9.      Colony Insurance had issued Commercial General Liability Policy No. 103 GL 0010436-02 to Window World with a policy period from July 1, 2017 to July 1, 2018. The policy was a renewal of Commercial General Liability Policy No. 103 GL 0010436-01 with a policy period from July 1, 2016 to July 1, 2017. Window World paid $182,091.00 in premiums for the policy.

APP. 014

10. After tendering the claim to Colony, Colony made a demand on the installer's insurer, Hallmark Specialty Insurance Company, for indemnity and defense on behalf of Window World on or about March 13, 2018.

11. Hallmark had issued Commercial General Liability Policy No. G42405995-02 (the "Hallmark Policy") to Leticia Disatis with an original policy period from October 8, 2016 to October 8, 2017.

12. Hallmark declined to provide Window World a defense or indemnity in connection with the Longs' claim via a letter dated April 17, 2018, contending that it had terminated the policy. However, Hallmark's purported notice of termination did not comply with Texas Insurance Code section 551.053. and was therefore of no effect. Despite this, Hallmark has continued to refuse to indemnify Window World.

13. During this time, Colony Insurance communicated with the Longs regarding a possible resolution of their claims but refused to negotiate in good faith and ultimately became unreachable.

14. Because of Colony Insurance's failure to properly handle the claim, after much negotiation, in July 2018, Window World settled the Longs' claim for $49,500. The Longs assigned all of their claims to Window World as part of the settlement.

15. Window World made multiple written demands to Colony Insurance for indemnity, including in August 2018, September 2018, and November 2018. Colony has failed to respond.

## VI.
## CAUSES OF ACTION

A. <u>Breach of Contract against Hallmark Insurance</u>

16. The preceding paragraphs are incorporated herein by reference.

17.     Hallmark issued a valid policy of insurance to Window World subcontractor Leticia Desatis (the "Hallmark Policy").

18.     Window World was an additional insured under the Hallmark Policy.

19.     Hallmark refused to defend and indemnify Window World pursuant to the terms of the Hallmark Policy.

20.     Hallmark breached the provisions of its policy.

21.     As a result, Plaintiff has been damaged in the amount of $49,500.

22.     Additionally, Plaintiff has had to retain an attorney and therefore seeks reasonable and necessary attorneys' fees.

**B.      Breach of Contract against Colony Insurance**

23.     The preceding paragraphs are incorporated herein by reference.

24.     Colony issued a valid policy of insurance to Window World.

25.     The terms of the Colony Policy required Colony to defend and indemnify Window World in the event of a claim.

26.     Colony failed to properly defend Window World against the allegations made by the Longs.

27.     Further, following resolution of the claims with the Longs, Colony has failed to indemnify Window World for the $49,500 in payments made to the Longs for the claim and has failed to respond to demands for indemnification.

28.     Colony has breached the provisions of its policy.

29.     As a result, Plaintiff has been damaged in the amount of $49,500.

30.     Additionally, Plaintiff has had to retain an attorney and therefore seeks reasonable and necessary attorneys' fees.

APP. 016

C.    **Breach of the Duty of Good Faith against Colony Insurance**

31.    The preceding paragraphs are incorporated herein by reference.

32.    Texas law recognizes a duty of good faith and fair dealing in the insurance context. *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). The duty arises from the special relationship that is created by the contract between the insurer and the insured. *Id.*; *see also Viles v. Security Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990) (recognizing that the duty arises "not from the terms of the insurance contract, but from an obligation imposed in law" as a result of the special relationship).

33.    Colony Insurance owed a duty of good faith and fair dealing to Plaintiff, including a duty not to unreasonably delay in the payment of a claim.

34.    Colony Insurance breached its duty of good faith and fair dealing to Plaintiff, by among other things, failing to indemnify Plaintiff for the Longs' claim; failing to negotiate and communicate with the Longs on behalf of Window World in good faith; and failing and refusing to indemnify, deny, or offer any explanation in regards to why it has not indemnified Window World.

35.    There is no reasonable basis for Colony's actions or inactions.

36.    As a result of Colony's breach of its duty of good faith and fair dealing owed to Plaintiff, Plaintiff has been damaged in the amount of $49,500.

37.    Additionally, Plaintiff has been forced to incur reasonable and necessary attorneys' fees as a result of Colony's actions and inactions, for which Plaintiff seeks recovery.

D.    **Breach of Prompt Payment Statute by Colony**

38.    The preceding paragraphs are incorporated herein by reference.

39.    Chapter 542 of the Texas Insurance Code requires insurers to promptly pay all claims to its insureds.

APP. 017

40.    Plaintiff provided written notice of the claim to Colony in February 2018.

41.    After Colony failed to properly investigate and settle the claim, and after Window World settled the claim for $49,500, Window World made a demand upon Colony for indemnification in writing on August 6, 2018. Colony did not acknowledge receipt of the claim, in violation of Texas Insurance Code section 542.055(a)(1).

42.    Having not heard from Colony, on September 12, 2018, Window World made another written demand to Colony Insurance. Colony did not acknowledge receipt of this second demand for 29 days, on October 11, 2018, in violation of Texas Insurance Code section 542.055(a)(1).

43.    On October 11, 2018, Colony requested the original demand letter and basis for the claim, which was provided to them promptly on October 16, 2018.

44.    Colony never requested any additional items, statements, or forms from Window World, and certainly did not do so within 15 days of notice of the claim, as required by Texas Insurance Code Chapter 542.

45.    Colony never notified Window World whether it accepted or rejected the claim, nor did it request an extension of time, in violation of Texas Insurance Code section 542.056(a) and (d).

46.    Colony has, to this date, failed to pay the claim. More than 60 days have passed since submission of the claim to Colony. Colony is therefore also in violation of Texas Insurance Code section 542.058(a).

47.    As a result of Colony's violations of the Prompt Payment Statute, Plaintiff is entitled to recovery of the $49,500, plus 18% interest, plus reasonable attorneys' fees and costs.

APP. 018

<u>PRAYER</u>

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs request:

a.   Economic damages;

b.   Statutory Penalties and Interest

c.   Reasonable attorneys' fees;

d.   Costs of Court;

e.   Pre-judgment and post-judgment interest; and

f.   All other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Gwen Bhella*
Gwen E. Bhella
State Bar No. 24046632
gbhella@cbsattorneys.com
Calhoun, Bhella & Sechrest, LLP
325 N. Saint Paul Street, Suite 2300
Dallas, TX 75201
214-981-9200  Telephone
214-981-9203  Facsimile

**ATTORNEYS FOR PLAINTIFF**

APP. 019

Filed: 1/14/2019 10:11 AM
Lynne Finley
District Clerk
Collin County, Texas
By Brittany Tucker Deputy
Envelope ID: 30345117

CAUSE NO. 296-06567-2018

| | | |
|---|---|---|
| WINDOW WORLD OF BATON ROUGE, LLC | § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| v. | § § | COLLIN COUNTY, TEXAS |
| COLONY INSURANCE COMPANY AND HALLMARK SPECIALTY INSURANCE COMPANY | § § § § | |
| *Defendants.* | § | 296th JUDICIAL DISTRICT |

## DEFENDANT COLONY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Colony Insurance Company ("Defendant" and/or "Colony") files this, its *Answer*, as follows:

### I.
### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Colony generally denies the allegations contained in Plaintiff Window World of Baton Rouge, LLC's ("Plaintiff") Original Petition and demands strict proof by a preponderance of the evidence of all Plaintiff's allegations.

### PRAYER

Colony respectfully prays that Plaintiff take nothing by reason of her suit herein, and that Colony be awarded all such other and further relief as to which it may otherwise be entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi
State Bar No. 24041468
stephenm@tbmmlaw.com
Matt Rigney
State Bar No. 24068636
mattr@tbmmlaw.com

APP. 020

Jibril Greene
State Bar No. 24093774
jibrilg@tbmmlaw.com

TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
(214) 665-0100 Telephone
(214) 665-0199 Facsimile

**ATTORNEYS FOR DEFENDANT COLONY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record pursuant to the Texas Rules of Civil Procedure on this 14th day of January, 2019.

Gwen E. Bhella
Calhoun, Bhella, & Sechrest, LLP
325 N. Saint Paul Street, Suite 2300
Dallas, Texas 75201
(214) 981-9200 (Telephone)
(214) 981-9203 (Facsimile)
*Attorney for Plaintiff*

/s/ Stephen A. Melendi
Stephen A. Melendi

APP. 021